UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
CHUATUAQUA TASHEEMUA
HECKSTALL,

                Plaintiff,                                **MEMORANDUM AND ORDER**

      v.                                           19-CV-6400 (RPK)

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.
-----------------------------------------------------------x
RACHEL P. KOVNER, United States District Judge:

       Plaintiff Chuatuaqua Tasheemua Heckstall challenges the Commissioner of Social Security's determination that she is ineligible for federal disability insurance benefits because she is not disabled. The Commissioner has moved for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure. For the reasons given below, I deny the Commissioner's motion and remand to the agency for further proceedings.

## BACKGROUND

**I.**       **Eligibility Review for Disability Insurance Benefits Applications**

       Disability insurance benefits are available to individuals who are "under a disability." 42 U.S.C. § 423(a)(1)(E). The term "disability" means an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." *Id.* § 423(d)(1)(A). An impairment must "result[] from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." *Id.* § 423(d)(3).

       The Commissioner uses a five-step analysis to determine whether an individual is entitled to disability benefits. 20 C.F.R. § 404.1520; *see Williams v. Apfel*, 204 F.3d 48, 49 (2d Cir. 1999).

1

The analysis is sequential, and "if an individual is found to be disabled (or not) at any step, the Commissioner is not required to proceed to the next step." *Williams*, 204 F.3d at 49. The five-step analysis proceeds as follows:

1. The Commissioner must first determine whether the claimant "is doing substantial gainful work." *Ibid.* (citing 20 C.F.R. § 404.1520(b)).

2. If the claimant is not doing substantial gainful work, the Commissioner must then determine that the claimant has a "severe impairment that limits [his or] her capacity to do work-related activities." *Ibid.* (citing 20 C.F.R. § 404.1520(c)).

3. If the Commissioner finds the claimant has a severe impairment, the Commissioner next considers whether the claimant has an impairment that "meets or equals the criteria of an impairment listed in Appendix 1" to the regulation. *Ibid.* (citing 20 C.F.R. § 404.1520(d)).

4. If the claimant does not have a listed impairment, the Commissioner must determine whether the claimant possesses the residual functional capacity to perform his or her past relevant work. *Ibid.* (citing 20 C.F.R. § 404.1520(e)).

5. Finally, if the claimant is unable to perform his or her past relevant work, the Commissioner determines whether the claimant is capable of "doing any other work." *Ibid.* (citing 20 C.F.R. § 404.1520(f)).

The claimant bears the burden of proof for the first four steps of the analysis, but the burden shifts to the Commissioner for the fifth step. *Rosa v. Callahan*, 168 F.3d 72, 77–79 (2d Cir. 1999). Even when the claimant bears the burden of proof, the Commissioner generally has an affirmative duty to develop the record because the review process is nonadversarial. *See Burgess v. Astrue*, 537 F.3d 117, 128 (2d Cir. 2008). "This duty exists even when the claimant is represented by counsel." *Perez v. Chater*, 77 F.3d 41, 47 (2d Cir. 1996). Failure by the Commissioner to "fully develop[] the factual record" constitutes "legal error." *Rosa*, 168 F.3d at 80.

As the Commissioner proceeds through the five-step analysis, he is also required to consider four categories of evidence. *Brown v. Apfel*, 174 F.3d 59, 62 (2d Cir. 1999). These categories are (i) "the objective medical facts"; (ii) "diagnoses or medical opinions based on such facts"; (iii) "subjective evidence of pain or disability testified to by the claimant or others"; and

2

(iv) "the claimant's educational background, age, and work experience." *Brown*, 174 F.3d at 62 (citing *Mongeur v. Heckler*, 722 F.2d 1033, 1037 (2d Cir. 1983)).

## II.  Plaintiff's Disability Insurance Benefits Application

Plaintiff was born in 1978, is educated through the 11th grade, and is capable of reading, writing, and communicating in English. Certified Administrative Record ("AR") 21, 232, 234. She applied for disability insurance benefits on October 6, 2015. AR 196. In her application, plaintiff alleged that she had been disabled since April 5, 2015. *Ibid.* That day, plaintiff allegedly suffered a workplace injury when an elevator in which she was riding fell three floors. AR 15, 382. Plaintiff allegedly suffers from a number of conditions that limit her ability to work, including herniated discs in her back and neck. *See* AR 233.

The Social Security Administration initially denied plaintiff's claim on January 7, 2016. *See* AR 91. Plaintiff then requested a hearing before an Administrative Law Judge ("ALJ"). *See* AR 97. The Social Security Administration scheduled plaintiff's administrative hearing for March 13, 2018. AR 125. At that hearing, the ALJ noted certain documents were missing from the record. *See* AR 59–63. The ALJ convened a second hearing on August 16, 2018, to hear testimony from a vocational expert ("VE"). AR 69.

ALJ Dina Lowey presided over the hearings. AR 35, 64. Plaintiff was represented by counsel. *Ibid.* At the March 2018 hearing, plaintiff testified she was thirty-nine years old, five feet seven inches tall, and weighed 357 pounds. AR 41. Plaintiff testified she had last worked on April 5, 2015, as a security guard supervisor. AR 42, 45.

Plaintiff testified that she suffered from chronic pain, "unbearable at times," that "radiates through [her] body" and causes her to "catch migraines," "see colors," and "feel lightheaded." AR 49, 57. As a result of her condition, plaintiff allegedly spent most of her time going to medical appointments and laying down at home. *See* AR 46, 57. Plaintiff claimed she could not sit, stand,

3

or walk for more than twenty to thirty minutes at a time, and that the medication that she took to control her blood pressure and bronchitis "incapacitate[d] her." AR 49–50, 56. She testified both that she could carry about five pounds and less than five pounds. *See* AR 56, 58. Plaintiff's boyfriend allegedly helped her grocery shop, cooked for her, and did her laundry. AR 46–47, 57.

At the August 2018 hearing, the ALJ solicited testimony from a VE. AR 69. The ALJ recapped plaintiff's prior testimony regarding her age, education, and work history. AR 70. Then, the ALJ asked the VE whether a hypothetical person with those characteristics who could "do light work," "occasional[ly] push [and] pull," "occasionally claim ramps or stairs," "never climb[] ladders, ropes, or scaffolds," "occasionally balanc[e] or stoop[]," "never kneel[], crouch[], or crawl[]," "frequent[ly] reach[]," "occasional[ly] overhead reach" but not "more than [ten] times a day," and "frequent[ly] handl[e] and finger[]," but should avoid "concentrated exposure to extreme temperatures and to wetness," "concentrated exposure to irritants," and "concentrated exposure to hazardous machinery, unprotected heights, and operational control of moving machinery," could perform plaintiff's past work. AR 70–71. The VE testified that such a hypothetical person would be able to work as a security guard supervisor. AR 71. The ALJ then asked whether a person with "an additional limitation of no repetitive extreme neck movement" could perform plaintiff's past work. *Ibid.* The VE responded that such a person could not do so but explained that a person with those limitations could work as an office helper, information clerk, or clerical checker. AR 72. The ALJ asked the VE to add a further limitation of sedentary work. AR 72–73. The VE testified that such a person could work as a telephone order clerk, office clerk, charge account clerk, or addressing clerk. AR 73.

### III.     The ALJ's Decision

The ALJ issued a decision on October 2, 2018 based on the hearing testimony and the medical record. AR 10. The ALJ concluded that plaintiff was not disabled under Title II of the

4

Social Security Act and denied her application for disability insurance benefits. AR 10, 22–23. In reaching that decision, the ALJ proceeded through the five-step analysis set forth in 20 C.F.R. § 404.1520. The ALJ's factual findings included the following:

- **Step One.** Plaintiff had not engaged in substantial gainful activity since April 5, 2015. AR 12; *see* 20 C.F.R. § 404.1571 *et seq.*

- **Step Two.** Plaintiff had the following "severe" impairments as defined by statute: obesity, degenerative disc disease, diabetes mellitus, and asthma. AR 12; *see* 20 C.F.R. § 404.1520(c). The ALJ determined plaintiff's thyroid condition and hypertension did not qualify as severe impairments within the meaning of the statute. *See* AR 12.

- **Step Three.** Plaintiff's impairments or combination of impairments did not meet or equal the severity of listed impairments in the Social Security Administration's regulations. AR 13–14; *see* 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526.

- **Step Four.** Plaintiff had the "residual functional capacity" ("RFC") to perform light worked as defined in 20 C.F.R. § 404.1567(b), except for the following additional limitations: plaintiff "can occasionally push, pull and climb ramps and stairs," "can never climb ladders, ropes or scaffolds, but can occasionally balance and stoop," "can never kneel, crouch, crawl, or engage in repetitive and extreme neck movements," "can frequently reach, occasionally reach overhead, and not reach overhead repetitively," "can frequently handle[] and finger," and "should avoid concentrated exposure to extreme temperatures, wetness, irritants, hazardous machinery, unprotected heights[,] and operational control of moving machinery." AR 14; *see* 20 C.F.R. §§ 404.1520(e), 404.1569a.

- **Step Five.** Plaintiff was not capable of performing any of her past relevant work as a security guard. AR 21; *see* 20 C.F.R. § 404.1565. However, plaintiff retained the ability to perform jobs that exist in significant numbers in the national economy, including work as an office helper, information clerk, or clerical checker. AR 21–22; *see* 20 C.F.R. §§ 404.1569, 404.1569a.

Plaintiff requested review of the ALJ's decision from the Social Security Administration's Appeals Council. AR 1. The Appeals Council denied plaintiff's appeal on September 11, 2019, providing plaintiff with a final determination by the Commissioner. AR 1–6. Plaintiff then timely filed this action.

5

**LEGAL STANDARD**

Claimants who are denied disability benefits by the Social Security Administration may seek judicial review. 42 U.S.C. § 405(g). In reviewing a final decision of the Commissioner, the court does not "decide *de novo* whether a claimant was disabled" or take a fresh pass at the ALJ's five-step analysis under the Social Security Act. *Melville v. Apfel*, 198 F.3d 45, 52 (2d Cir. 1999) (citations omitted). Instead, the court's review is limited to two areas. *Shaw v. Chater*, 221 F.3d 126, 131 (2d Cir. 2000).

First, the court reviews the Commissioner's decision for legal error. *Ibid.* This inquiry entails asking whether the claimant has had "a full hearing under the [Commissioner's] regulations and in accordance with the beneficent purposes of the Act." *Cruz v. Sullivan*, 912 F.2d 8, 11 (2d Cir. 1990) (citation and quotation marks omitted); *Drake v. Comm'r of Soc. Sec.*, No. 15-CV-5604 (DLI), 2018 WL 1556882, at *5 (E.D.N.Y. Mar. 29, 2018) (citing *Cruz*, 912 F.2d at 11).

Second, the court reviews whether "substantial evidence" supports the Commissioner's decision. *Shaw*, 221 F.3d at 131 (quoting 42 U.S.C. § 405(g)); *Tejada v. Apfel*, 167 F.3d 770, 773 (2d Cir. 1999). The Second Circuit has described substantial-evidence review as "a very deferential standard of review—even more so than the 'clearly erroneous' standard." *Brault v. Soc. Sec. Admin., Comm'r*, 683 F.3d 443, 447 (2d Cir. 2012). Courts applying this standard will not disturb the Commissioner's factual findings if a reasonable mind could find "adequate" support for them. *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019). Nevertheless, the Commissioner's findings must be supported by more than a "mere scintilla" of evidence. *Ibid.* (quotation marks omitted). To determine whether the Commissioner's determination is supported by substantial evidence, the reviewing court must "examine the entire record"—including "contradictory evidence and evidence from which conflicting inferences can be drawn." *Selian v. Astrue*, 708

6

F.3d 409, 417 (2d Cir. 2013) (citation and quotation marks omitted).  When substantial evidence in the record supports the Commissioner's findings, those findings are conclusive and must be upheld.  42 U.S.C. § 405(g); *see Cichocki v. Astrue*, 729 F.3d 172, 175–76 (2d Cir. 2013).

After completing its review, the district court may "enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing" the Commissioner's decision.  42 U.S.C. § 405(g).  Remanding to the Commissioner is appropriate when "the Commissioner has failed to provide a full and fair hearing, to make explicit findings, or to have correctly applied the regulations." *Rose v. Comm'r of Soc. Sec.*, 202 F. Supp. 3d 231, 239 (E.D.N.Y. 2016).  A remand is also appropriate "[w]here there are gaps in the administrative record." *Rosa*, 168 F.3d at 82–83 (quoting *Sobolewski v. Apfel*, 985 F. Supp. 300, 314 (E.D.N.Y. 1997)).  The court retains discretion to remand the case with or without a rehearing.  42 U.S.C. § 405(g).

## DISCUSSION

The Commissioner has moved for judgment on the pleadings.  *See* Mem. of Law in Supp. of the Commissioner's Mot. for J. on the Pleadings (Dkt. #12) ("Commissioner's Mem.").  Construing the *pro se* plaintiff's Affidavit in Opposition "to raise the strongest arguments that [it] suggest[s]," *Rose*, 202 F. Supp. 3d at 239 (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006)), plaintiff alleges that a medical opinion issued after the ALJ's decision warrants remand, Pl.'s Aff. in Opp'n (Dkt. #14); *see Best v. Comm'r of Soc. Sec.*, No. 18-CV-5751 (PKC), 2020 WL 1550251, at *1, *3 (E.D.N.Y. Mar. 31, 2020) (constructing *pro se* plaintiff's affidavit in opposition to the Commissioner's motion for judgment on the pleadings as a cross-motion for judgment on the pleadings, and then remanding based on this construed cross-motion).  The record also contains a letter from plaintiff's former attorney to the Appeals Council challenging the ALJ's decision.  AR 345–49.  That letter argues that the ALJ did not properly

7

weigh the medical opinion evidence and did not properly assess the credibility of plaintiff's testimony.  *See* AR 346.  "In deference to [p]laintiff's *pro se* status and out of an abundance of caution, the Court will consider the arguments asserted in that letter[] . . . and overall[] whether the ALJ's decision is supported by substantial evidence."  *Krysten D. v. Saul*, No. 18-CV-1363 (NAM), 2020 WL 70072, at *6 (N.D.N.Y. Jan. 7, 2020) (citing *Corbiere v. Berryhill*, 760 F. App'x 54, 56 (2d Cir. 2019)).  Because the Commissioner did not afford sufficient weight to the opinions of plaintiff's treating physicians or adequately develop the record with respect to those physicians, the Commissioner's motion is denied and the case is remanded.

      For disability claims like plaintiff's filed prior to March 27, 2017, ALJs were required to apply the "treating physician rule."  *Robin A. v. Commissioner of Soc. Sec.*, No. 20-CV-6645 (EAW), 2022 WL 593451, at *3 (W.D.N.Y. Feb. 28, 2022).  That rule directs ALJs to give "controlling weight" to a treating physician's opinion that is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record."  20 C.F.R. § 404.1527(c)(2).  Where an ALJ gives less than controlling weight to a treating physician's medical opinion, the ALJ then "must explicitly consider" certain nonexclusive factors, including: "(1) the frequency, length, nature, and extent of treatment; (2) the amount of medical evidence supporting the opinion; (3) the consistency of the opinion with the remaining medical evidence; and (4) whether the physician is a specialist."  *Estrella v. Berryhill*, 925 F.3d 90, 95–96 (2d Cir. 2019) (quotation marks, alterations, and citation omitted).  When the ALJ does not explicitly consider these factors, "the Second Circuit has held that remand is unnecessary if the Court is able to look to other portions of the ALJ's decision and to clearly credible evidence in finding that her determination was supported by substantial evidence, . . . but remand is required if the ALJ's decision does not provide a sufficiently clear

8

indication regarding her unexplained justification for implicitly rejecting" a treating physician's opinion. *Hall v. Comm'r of Soc. Sec.*, No. 19-CV-5138 (RPK), 2023 WL 3389763, at *5 (E.D.N.Y. May 11, 2023) (citations, quotation marks, and alterations omitted).

The ALJ erred in giving "some weight" to an October 2015 medical opinion from Dr. Slukhinsky. *See* AR 19. During Dr. Slukhinsky's third visit with plaintiff on October 29, 2015, *see* AR 454–62, 492, 494–98 (indicating that Dr. Slukhinsky treated plaintiff on April 9, 2015, August 11, 2015, October 29, 2015, and March 8, 2016), Dr. Slukhinsky diagnosed plaintiff with "cervical spine derangement," "disc termination," "radiculopathy," and "thoracolumbar spine derangement." AR 454. Dr. Slukhinsky then stated that plaintiff had "developed progressive discogenic disease with chronic pain" and "weakness." *Ibid.* Dr. Slukhinsky also concluded that plaintiff could not stand or walk more than two hours per day, sit more than six hours per day, or push and pull with her upper extremities. AR 455.

The sole reason that the ALJ afforded "some weight" to the October 2015 opinion was that Dr. Slukhinsky rendered her "opinion . . . shortly after [plaintiff's] April 2015 injury." AR 19. But Dr. Slukhinsky's opinion was drafted more than six months after the injury, and the ALJ does not explain why an opinion issued half a year after an accident was too close in time to that accident to be given controlling weight. Beyond the ALJ's dubious characterization of October 2015 as "shortly after" the accident, the ALJ considered none of the factors relevant to the weight of a treating physician's opinion. And review of the record does not indicate how the ALJ's decision to give "some weight" to Dr. Slukhinsky's opinion is at all consistent with the treating physician rule. *Estrella*, 925 F.3d at 96.

The Commissioner argues that "the record evinces that [p]laintiff had demonstrated improvement[] and that the severe limitations assessed by Dr. Slukhinsky were temporary,"

9

Commissioner's Mem. 20, but the evidence the Commissioner points to predates Dr. Slukhinsky's October 2015 report by several months, *see* AR 540–43.  Nor is this a case where "application of the correct legal standard could lead to only one conclusion," *Zabala v. Astrue*, 595 F.3d 402, 409 (2d Cir. 2010) (alterations and citation omitted), because Dr. Slukhinsky's opinion about plaintiff's pushing and pulling limitations seem more restrictive than the residual functional limitation, and because the ALJ's view of the medical evidence informed her assessment of plaintiff's credibility, *see Bonneau v. Astrue*, No. 13-CV-26, 2014 WL 31301, at *9 (D. Vt. Jan. 3, 2014).  Accordingly, the ALJ's procedural error requires remand.  *See Estrella*, 925 F.3d at 96.

  Moreover, the ALJ does not appear to have weighed the opinions Dr. Slukhinsky formed on April 9, 2015, August 11, 2015, or March 8, 2016.  *See* AR 454–62, 492, 494–98.  And the April 9, 2015 charts are missing from the record.  *See id.* 454 (noting that patient was first seen on April 9, 2015).  On remand, the ALJ should weigh Dr. Slukhinsky's other opinions and endeavor to obtain the missing charts from plaintiff's April 9, 2015 visit.  *See Coppola v. Berryhill*, No. 18-CV-599 (HBP), 2019 WL 1292848, at *19 (S.D.N.Y. Mar. 21, 2019) (duty to develop record includes duty to "obtain complete reports from medical sources"); *see, e.g.*, *Truesdale v. Barnhart*, No. 03-CV-63 (SAS), 2004 WL 235260, at *6 (S.D.N.Y. Feb. 6, 2004) (finding the ALJ violated her duty to develop the record by not obtaining "a more complete report" from a treating physician and not obtaining missing pages from a consulting physician's report).

  The ALJ made similar errors with respect to Dr. Stiler, a neurologist who treated plaintiff five times between September 11, 2015, and March 7, 2017.  AR 521–30.  Dr. Stiler initially diagnosed plaintiff with "traumatic cervical and lumbar radiculopathy" and concluded that plaintiff had a "temporary total disability."  AR 523.  About a month later, Dr. Stiler again examined plaintiff and concluded that she was "[t]otally [d]isabled from working."  AR 525.  On January 8,

10

2015, Dr. Stiler appears to have reached the same conclusion, though the pages of the record are not assembled sequentially.  *See* AR 526–28.  The record also contains a chart from a March 23, 2016 examination.  *See* AR 527.  The single page of notes from that visit says "no change" and diagnoses plaintiff with "cervical and lumbar [radiculopathy]."  *See ibid.* (capitalization omitted).  Dr. Stiler appears to have last treated plaintiff on March 7, 2017.  Unlike Dr. Stiler's other records, the March 2017 chart does not appear to include a conclusive diagnosis, but instead asserts that plaintiff "may require surgical intervention since she has remained symptomatic."  AR 530.

The ALJ improperly gave "little weight" to Dr. Stiler's "diagnosis."  AR 21.  The ALJ noted that Dr. Stiler found plaintiff "fully" and "temporarily[] disabled" at different times.  *Ibid.*  The ALJ further stated that Dr. Stiler's opinions were entitled to little weight because Dr. Stiler did not "offer function by function analysis of . . . [plaintiff's] limitations" and "a finding of disability is reserved to the Commissioner."  AR 21.  While the ALJ did not need to credit Dr. Stiler's ultimate conclusion about whether plaintiff was disabled, *see Martes v. Comm'r of Soc. Sec.*, 344 F. Supp. 3d 750, 764 (S.D.N.Y. 2018) (citing *Snell v. Apfel*, 177 F.3d 128, 133 (2d Cir. 1999)); *Wider v. Colvin*, 245 F. Supp. 3d 381, 388 (E.D.N.Y. 2017), it was impermissible for the ALJ to "summarily dismiss the medical findings upon which [Dr. Stiler] based [that] assessment," *Otanez v. Colvin*, No. 14-CV-8184 (KPF), 2016 WL 128215, at *11 (S.D.N.Y. Jan 12, 2016).  Instead of considering the factors relevant to the weight of a treating physician's opinion, the ALJ objected that Dr. Stiler did not analyze plaintiff's functional limitations.  AR 21.  Yet Dr. Stiler's conclusions about plaintiff's diagnoses and prognoses were medical opinions that should have been weighed, *Wider*, 245 F. Supp. 3d at 390–91 (noting that diagnoses and prognoses were considered medical opinions under the regulations prior to March 27, 2017), notwithstanding the fact that Dr. Stiler did not also opine on plaintiff's functional limitations.  The ALJ failed to

11

recognize Dr. Stiler is a medical specialist who examined and treated plaintiff for years, or that Dr. Stiler's opinions seem largely consistent with Dr. Slukhinsky's. Review of the record does not establish that the ALJ's weighing of Dr. Stiler's opinions was consistent with the treating physician rule, *see Estrella*, 925 F.3d at 96, and the Commissioner offers no justification aside from the general rule that conclusions about disability are reserved for the Commissioner, *see* Commissioner's Mem. 22. As I already explained, the ALJ's improper weighing of Dr. Stiler's opinion influenced the ALJ's assessment of plaintiff's credibility. *See* Zabala, 595 F.3d at 409; *Bonneau*, 2014 WL 31301, at *9. Therefore, remand is warranted to correct the Commissioner's procedural error. *See Estrella*, 925 F.3d at 96.

The ALJ also failed to develop the record of Dr. Stiler's opinions. As the ALJ noted, Dr. Stiler did not offer an opinion about plaintiff's functional limitations. Given the Commissioner's obligation to "make a reasonable effort to obtain medical evidence from the claimant's treating physician or other treating health care provider" "[p]rior to evaluating evidence from a consultative source," *Corporan v. Comm'r of Soc. Sec.*, No. 12-CV-6704 (JPO), 2015 WL 321832, at *6 (S.D.N.Y. Jan. 23, 2015) (citing 42 U.S.C. § 423(d)(5)(b)), the ALJ should have contacted Dr. Stiler to "obtain more complete reports" describing plaintiff's "limitations, and how they affect [her] ability to perform various work-related activities," *Rivera v. Barnhart*, 379 F. Supp. 2d 599, 608 (S.D.N.Y. 2005) (quoting *Truesdale*, 2004 WL 235260, at *6–7); *see Cruz v. Astrue*, 941 F. Supp. 2d 483, 495 (S.D.N.Y. 2013). That error calls for remand, too. *See Rosa*, 168 F.3d at 83; *Morris v. Berryhill*, 721 F. App'x 25, 27 (2d Cir. 2018).

In short, the ALJ improperly discounted the opinions of two of plaintiff's treating physicians while "bas[ing] [her] conclusions largely on the findings of [a] one-time consultative physician, [Dr. Sanford Wert], whose opinion [the ALJ] assigned [significant weight]."

12

*Ramlakhan v. Colvin*, No. 15-CV-8129 (RLE), 2017 WL 1209968, at *14 (S.D.N.Y. Mar. 13, 2017). On remand, the ALJ should comply with her affirmative duty to develop the record as to Dr. Slukhinsky's and Dr. Stiler's medical opinions, and then weigh those opinions in accordance with the Commissioner's regulations.

Because remand is required for the reasons stated above, the Court need not reach plaintiff's other arguments. *See Blowe v. Comm'r of Soc. Sec.*, No. 19-CV-2658 (JS), 2020 WL 3129062, at *5 n.10 (E.D.N.Y. June 12, 2020); *Wikiert v. Comm'r of Soc. Sec.*, No. 17-CV-6799 (PKC), 2019 WL 959665, at *2 n.3 (E.D.N.Y. Feb. 26, 2019); *Schweers v. Berryhill*, No. 19-CV-6189 (RWL), 2020 WL 5518326, at *14 (S.D.N.Y. Sept. 14, 2020); *Crosse v. Colvin*, 73 F. Supp. 3d 169, 173 (N.D.N.Y. 2014); *Laura C. v. Comm'r of Soc. Sec.*, 529 F. Supp. 3d. 64, 73 (W.D.N.Y. 2021); *Susan G. v. Comm'r of Soc. Sec.*, No. 20-CV-830S, 2021 WL 1920815, at *4 (W.D.N.Y. May 13, 2021). On remand, the Commissioner should address the other claims of error raised by plaintiff. *See Givens v. Berryhill*, No. 16-CV-2102 (WIG), 2017 WL 5593780, at *5 (D. Conn. Nov. 21, 2017); *Molina v. Colvin*, No. 15-CV-8088 (JLC), 2016 WL 7388374, at *1 (S.D.N.Y. Dec. 20, 2016).

## CONCLUSION

The case is remanded to the Commissioner for further proceedings consistent with this Order.

SO ORDERED.

                                           */s/ Rachel Kovner*
                                           RACHEL P. KOVNER
                                           United States District Judge

Dated: May 17, 2023
       Brooklyn, New York